[No. 37310.  En Banc.  June 17, 1965.]

TED ANDERSON *et al.*, *Plaintiffs*, RONALD BOWMAN *et al.*,
*Appellants*, v. PORT OF SEATTLE, *Respondent.**

*Gale P. Hilyer, Jr.* (of *Merges, Brain & Hilyer*), for
appellants.

*Bogle, Bogle & Gates, Robert W. Graham, Donald E.
Leland*, and *Thomas L. Morrow*, for respondent.

HUNTER, J.—The plaintiffs (appellants) in this case own
properties situated southwest of the Seattle-Tacoma Inter-
national Airport and allegedly under the low flight pattern
of aircraft to and from the airport. The plaintiffs claim
their property has been depreciated in value as a result of
such flights and seek damages therefor from the defendant
(respondent), Port of Seattle, a municipal corporation,
owner and operator of the airport.

The sole question before us is the liability of the defend-
ant for depreciation in value of the plaintiffs' properties as
a result of alleged continuing and frequent low flights

*Reported in 403 P.2d 368.

directly over such properties. Plaintiffs' claims for damages due to airplane "warmups," other use of airport facilities and flights over adjoining lands, were held barred by the statute of limitations and are not involved in this appeal.

It was stipulated by the plaintiffs and the defendant that the first issue to be tried by the jury was the time the damages occurred, to be followed thereafter by a trial to the same jury on the issue of damages. It was further stipulated by the parties that there was a taking by the defendant of an air easement of specified dimensions above all the property within the southwest and west approach ways for the northeast-southwest and east-west runways; that the properties of all the plaintiffs were under the area in which the air easement was taken except the properties of plaintiffs Meiklejohn & Brown Co., F. B. Rice and N. S. Zimmerman, as to which the question was reserved for determination at the trial; that use of the east-west runway was discontinued January 1, 1956, and the easement taken over its approach ways thereupon reverted to the property owners.

The evidence disclosed that regularly scheduled commercial flights began at the airport September 1, 1947. The trial court found as a matter of law that September 10, 1947, was the date of the taking by the defendant of the air easements in question. The trial court determined that the measure of damages for the taking of the air easements was the difference in the market value of the property resulting therefrom as of the date of the taking on September 10, 1947.

■ The case of the plaintiff R. Bowman, for whom G. J. and R. C. Smith were substituted as parties plaintiff, was submitted to the jury with instructions to determine the difference in the market value of his property resulting from the taking of the air easement on September 10, 1947. Judgment was entered upon the jury verdict for the damages awarded. Two other plaintiffs, L. S. Koyn and L. W. Miller, waived the jury and were awarded judgment by the court for damages resulting from the aforesaid taking.

All three have appealed; however, Miller is without standing since the record shows he accepted the judgment awarded in his favor and that it was satisfied of record. *Chicago, M. & P. S. R. Co. v. Slosser*, 82 Wash. 467, 144 Pac. 706 (1914); 4 C.J.S. *Appeal and Error* § 215.

The court granted defendant's motion for the dismissal of the actions of plaintiffs Meiklejohn & Brown Co., Rice and Zimmerman upon its finding as a matter of law that their properties were not under the low and regular flight pattern of aircraft entering and leaving the two runways in question and that no air easement had been taken from them.

The trial court also granted the defendant's motion for dismissal of the remaining plaintiffs, K. M. Alexander, F. W. Beaupain, G. E. Clark, L. Kimble, R. R. Lounds, S. Y. Dena, M. R. Stanford, and O. C. Lee, whose properties, although under the northeast-southwest runway easement, had been purchased after the date of the defendant's taking of the air easement, September 10, 1947, as determined by the trial court. It held they thereby suffered no damage to their property. Judgment was so entered except as to plaintiff Lee. Ruling on the motion for dismissal of this plaintiff was reserved.

These plaintiffs also appeal. The following plaintiffs, who filed notices of appeal, abandoned their appeals: M. L. Travis, A. Watrous, R. Parks, F. Kamins and J. Bowen.

As a backdrop for the consideration of the issues raised on this appeal we look to the case of *Ackerman v. Port of Seattle*, 55 Wn.2d 400, 348 P.2d 664, 77 A. L. R.(2d) 1344 (1960). There, five of the original parties to this litigation appealed from an order sustaining demurrers to their complaints. We said that the taking of the approach ways involved in this case was reasonably necessary to the maintenance and operation of the airstrips; that the alleged continuing and frequent low flights over their properties constituted a taking of an air easement for approach ways by the defendant Port of Seattle for which those property owners would be entitled to compensation under art. 1,

§ 16, of our state constitution, on showing their claims to be supported by substantial evidence.

In *Martin v. Port of Seattle*, 64 Wn.2d 309 n. 1, 391 P.2d 540 (1964), we described such a taking as an "inverse condemnation," stating that it was

> an action brought against a governmental entity having the power of eminent domain to recover the value of property which has been appropriated in fact, but with no formal exercise of the power. *Thornburg v. Port of Portland* (1962), 233 Ore. 178, 376 P. (2d) 100.

The first issue which we will consider on this appeal is whether the trial court erred in dismissing the plaintiffs Meiklejohn & Brown Co., Rice and Zimmerman and holding as a matter of law that their properties were not under the low and regular flight pattern of the aircraft entering and leaving the two runways in question.

We have examined the record on this factual question and find that there is no evidence of continuing and frequent low flights over the properties of these plaintiffs that would justify our holding that the trial court erred in making this determination. We therefore hold that the trial court correctly dismissed the action of these plaintiffs.

As to the remaining plaintiffs on this appeal, with the exception of plaintiff Lee, to whom we will refer later, it is contended that the trial court erred in determining as a matter of law that the time of the taking was when the first regularly scheduled use of the runways in question began, on September 10, 1947. They argue that the trial judge changed the rule we announced in the *Ackerman* case to be used in making this determination; that the record shows the flights over these plaintiffs' properties on September 10, 1947, were so infrequent that they gave them no concern; and that the continuing and frequent low flights did not commence until between early June, 1952, and early 1953.

In *Ackerman, supra*, we expressly held that

> the alleged *continuing and frequent low flights* over the appellants' land amount to a taking of an air easement

for the purpose of flying airplanes over the land. (Italics ours.)

In our remand in that case we said the damages for the taking would be

the difference between the value of their property before the airport was *extensively used* and the value thereafter, plus interest from that date. (Italics ours.)

It appears clear to us that the trial court did not here apply the rule of the *Ackerman* case in determining the time of the taking of the air easement. There is no evidence of continuing and frequent low flights on September 10, 1947, to support the trial court's determination of a taking as of that date. The cause is therefore remanded for trial on this factual issue under the rule of the *Ackerman* case for determination of the time of the taking, and, further, for the determination of damages, the difference in the market value of the property before and after the taking. *Ackerman v. Port of Seattle, supra.*

The defendant concedes that plaintiff O. C. Lee is entitled to a new trial on his action, which the record shows was not finally determined in the judgment entered by the trial court.

The judgment dismissing plaintiffs Meiklejohn & Brown Co., Rice and Zimmerman, is affirmed and the cause is otherwise reversed and remanded for trial as to the remaining plaintiffs, consistent with our views heretofore expressed.

The defendant argues that the plaintiffs Koyn and the Smiths failed to assign error on the ground of the inadequacy of the damages they were awarded, and, that this error therefore cannot be considered upon this appeal. We need not consider this assignment of error as the inadequacy of damages is not material in view of our disposition of this appeal.

The awarding of costs except with respect to appellants Meiklejon & Brown Co., Rice, and Zimmerman, will abide the final determination of the cause.

ROSELLINI, C. J., HILL, DONWORTH, WEAVER, OTT, HAMILTON, and HALE, JJ., and BARNETT, J. Pro Tem., concur.